# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EATON CORPORATION,
    Plaintiff,

v.                                         Case No. 15-C-1157

WESTPORT INSURANCE COMPANY,
AIU INSURANCE COMPANY,
GRANITE STATE INSURANCE COMPANY,
NEW HAMPSHIRE INSURANCE COMPANY, and
NORTH RIVER INSURANCE COMPANY
    Defendants.

## DECISION AND ORDER

When the plaintiff, Eaton Corporation, initiated this suit, it named Westport Insurance Company as the sole defendant. Eaton alleged that Westport breached its duty to provide excess insurance coverage to Eaton for asbestos-related claims under a policy that Westport's predecessor had issued to Eaton's predecessor, Cutler-Hammer, Inc., in 1978. Westport moved to dismiss the suit under the doctrine of *forum non conveniens* or to transfer the case to the United States District Court for the Northern District of Ohio. I denied that motion. Several months later, Eaton filed an amended complaint. The amended complaint adds four insurance companies as defendants: AIU Insurance Company, Granite State Insurance Company, New Hampshire Insurance Company, and North River Insurance Company. Eaton alleges that these four insurers, like Westport, issued excess insurance policies that cover the asbestos claims arising out of Cutler-Hammer's business. These four insurance companies now move to dismiss the amended complaint, arguing that I should either abstain from exercising jurisdiction over the case or dismiss it under *forum non conveniens*.

## I. BACKGROUND

As I explained in my opinion on Westport's motion to dismiss, Cutler-Hammer, Inc., was a manufacturer of electrical equipment and headquartered in Milwaukee, Wisconsin. On March 30, 1979, Cutler-Hammer merged into Eaton, with Eaton as the surviving entity. Eaton is an Ohio corporation having its principal place of business in Cleveland, Ohio.

By the 1980s, various lawsuits had been filed against Eaton alleging personal injuries caused by exposure to asbestos. Some of these suits alleged exposure to asbestos contained in products manufactured by Cutler-Hammer before it merged into Eaton, and by Eaton in the continuation of the Cutler-Hammer's business. But other suits were not connected to Cutler-Hammer. These suits alleged personal injuries caused by exposure to asbestos at Eaton's premises or in products manufactured by Eaton's other divisions.

In March 2013, Eaton filed a lawsuit in state court in Cleveland, Ohio, against a number of insurance companies that had issued liability policies to Eaton. That suit is pending. In the Ohio suit, Eaton seeks a declaration of its rights to coverage for asbestos-related claims that are not connected to Cutler-Hammer products. The Ohio lawsuit primarily involves asbestos claims arising out of Eaton's axle-brake business.

Three of the insurance companies that Eaton has recently added to this Wisconsin case are also defendants in the Ohio case—Granite State, New Hampshire, and North River. These three insurance companies issued excess insurance policies directly to Eaton at various times in the 1970s and 1980s. Eaton alleges in the Ohio suit that those policies cover the asbestos claims arising out of Eaton's axle-brake business.

In the Wisconsin suit, Eaton alleges that Granite State and New Hampshire issued different excess insurance policies directly to Cutler-Hammer, which were in force prior to the date on which Cutler-Hammer merged into Eaton, and which cover the asbestos claims arising out of Cutler-Hammer's business. In the Wisconsin suit, Eaton also alleges that AIU Insurance Company and Westport issued policies to Cutler-Hammer that were in force before the merger and that cover Cutler-Hammer asbestos claims. Neither AIU nor Westport is currently a party to the Ohio Suit—however, as I discuss below, motions have been filed in the Ohio case that, if granted, would make them parties.

Eaton's claims against North River Insurance Company are different than its claims against the other insurers. With respect to North River, Eaton alleges that it issued four policies directly to Eaton that cover both Cutler-Hammer asbestos claims and Eaton axle-brake asbestos claims. Eaton has alleged claims against North River under these four policies in both the Ohio suit and the Wisconsin suit. However, in its complaint in the Ohio suit, Eaton alleges that it is not, in that suit, seeking a determination of coverage under the North River policies for Cutler-Hammer asbestos claims. Rather, its claims in that case under the North River policies are limited to coverage for asbestos claims relating to Eaton's axle-brake business. In the Wisconsin case, Eaton seeks a determination of coverage under the North River policies for Cutler-Hammer asbestos claims.

After Eaton filed its amended complaint adding AIU, Granite State, New Hampshire, and North River to this case, those insurers filed motions in the Ohio case seeking to have AIU and Westport added as parties. On March 21, 2017, AIU filed a

3

motion to intervene in the Ohio case as a defendant, counterclaimant, and third-party plaintiff. On the same day, Granite State, New Hampshire, and North River filed a motion for leave to file a third-party compliant against Westport. The point of filing these motions is to graft the Cutler-Hammer claims that Eaton has asserted in the Wisconsin case onto the Ohio case, with the result that the Ohio case would become "parallel" to the Wisconsin case, in the sense that both cases would encompass the same Cutler-Hammer insurance claims. (The Ohio case would also continue to encompass the Eaton axle-brake insurance claims.) However, as far as the record in this case reveals, the Ohio court has not yet decided either AIU's motion to intervene or the other insurers' motion to add Westport as a defendant.

After the four insurers filed their Ohio motions, they filed in this case the present motion, in which they argue that I should either abstain from exercising jurisdiction over this case or dismiss it under *forum non conveniens*. They argue that either abstention or a *forum non conveniens* dismissal is appropriate because it would be more efficient to litigate all of Eaton's claims relating to excess insurance coverage for asbestos claims in a single forum than to have separate suits for the Cutler-Hammer claims and the axle-brake claims. The four insurers note that, although I previously declined to dismiss this case in favor of the Ohio case when Westport asked me to do so, things are different now that Eaton has asserted in this case claims against North River under policies that are also at issue in the Ohio case. I consider these arguments below.

## II. DISCUSSION

The four newly added insurers assert two grounds for dismissing this action in favor of the Ohio state-court action: (1) abstention under what is known as *Wilton/Brillhart* abstention, and (2) *forum non conveniens*.

**A.    *Wilton/Brillhart* Abstention**

The doctrine known as *Wilton/Brillhart* abstention is an application of the Declaratory Judgment Act, 28 U.S.C. § 2201.[1]  That doctrine recognizes that the text of the Act states that a federal court "*may* declare the rights and other legal relations" of the parties, which implies that the court has discretion to decline to entertain a suit seeking declaratory relief. 28 U.S.C. § 2201(a)(emphasis added); *see also Med. Assurance Co., Inc. v. Hellman*, 610 F.3d 371, 377–79 (7th Cir. 2010).  One well-recognized reason for abstaining under *Wilton/Brillhart* is that "parallel state proceedings are ongoing." *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010).  Here, the four insurers argue that the Ohio state-court action encompassing Eaton's axle-brake insurance claims is a parallel proceeding and that therefore abstention under *Wilton/Brillhart* is appropriate.  One can debate whether the Ohio action is truly a parallel proceeding to this one, given that the Ohio court has not yet granted the insurers' motions to expand the Ohio case to encompass the Cutler-Hammer claims.  But I need not wade into that debate, since another problem clearly prevents me from abstaining from hearing this action under *Wilton/Brillhart*, which is that it is not limited to claims for declaratory relief.

---

[1] The name for this abstention doctrine derives from *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–90 (1995) and *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 494–95 (1942).

A district court has no discretion under *Wilton/Brillhart* to dismiss non-declaratory claims, such as claims for damages, when those claims are "independent" of the declaratory claims. *R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 716–17 (7th Cir. 2009). A claim for non-declaratory relief is independent of the declaratory claim if: (1) it has its own federal subject-matter-jurisdictional basis, and (2) its viability is not wholly dependent upon the success of the declaratory claim. *Id.* In other words, the non-declaratory claims are independent if they would continue to exist if the request for a declaration simply dropped from the case. *Id.*

In the present case, Eaton has asserted two non-declaratory claims against Westport. First, Eaton alleges that Westport has breached one of its insurance policies by failing to pay Eaton's claims for insurance coverage for Cutler-Hammer asbestos lawsuits. In connection with that claim, Eaton requests compensatory damages. Second, Eaton alleges an insurance bad-faith claim against Westport. In connection with that claim, Eaton requests compensatory and punitive damages. Although Eaton also requests declaratory relief against Westport to establish Westport's continuing obligation to provide coverage for Cutler-Hammer claims, Eaton's damages claims against Westport are not dependent on the declaratory claim. The damages claims would continue to exist if the declaratory claim were simply dropped from the case, and the diversity jurisdiction would provide a basis for those claims. Thus, I cannot abstain from hearing Eaton's damages claims against Westport under *Wilton/Brillhart*.

In its brief in opposition to the four insurers' motion, Eaton pointed out that I lack power to abstain from hearing this entire action under *Wilton/Brillhart* because the action includes claims for damages against Westport. *See* Br. in Opp. at 18 n.25, ECF

No. 60. In response to this argument, the other four insurers argued that abstention under *Wilton/Brillhart* is allowed because Eaton has asserted only declaratory claims against them. *See* Reply Br. at 9 n.3, ECF No. 66. But even if Eaton had asserted only declaratory claims against the four insurers,[2] I could not abstain from hearing the *entire action* under *Wilton/Brillhart*, as the action includes the damages claims against Westport. At most, I could abstain from hearing Eaton's *claims* against the other four insurers under *Wilton/Brillhart*. Yet the four insurers have not asked me to abstain from hearing only the claims against them. They have moved to dismiss the entire action, *see* Mot. at 1, ECF No. 48, and they request in their briefs that I dismiss this entire action "in favor of a complete resolution of Eaton's asbestos-related insurance coverage claims in the Ohio Action," Br. in Supp. at 15, ECF No. 49. That relief is simply unavailable under *Wilton/Brillhart*, given the presence in this action of the independent claims for damages against Westport.

Another abstention doctrine, known as *Colorado River* abstention, allows a district court to abstain from exercising jurisdiction where parallel state proceedings are pending, even if the claims involved in the suit include requests for non-declaratory relief. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). However, Colorado River abstention is allowed only in "extraordinary circumstances," and the four insurers have not argued that this case presents such circumstances. Instead, after Eaton raised the possibility of *Colorado River*'s applying to this case, the four insurers responded by insisting that *Wilton/Brillhart* applies and

---

[2] In fact, in addition to its request for declaratory relief against the four insurers, Eaton has requested an injunction. *See* Am. Compl. at p. 11, ECF No. 35.

disclaiming any reliance on *Colorado River*.  *See* Reply Br. at 9 n.3, ECF No. 66.  Thus, I do not consider whether abstention under *Colorado River* would be appropriate.  And because abstention under *Wilton/Brillhart* is foreclosed by the claims for damages against Westport, the four insurers' request that I abstain from hearing this action will be denied.

**B.**     ***Forum Non Conveniens***

The common law doctrine of *forum non conveniens* allows a court to dismiss a suit over which it would normally have jurisdiction in order to best serve the convenience of the parties and the ends of justice.  *Stroitelstvo Bulgaria Ltd. v. Bulgarian-American Enterprise Fund*, 589 F.3d 417, 421 (7th Cir. 2009).  When a court dismisses a case for this reason, it concludes that the dispute should be heard in some other forum, and the expectation is that, following a *forum non conveniens* dismissal, the plaintiff will re-file the suit in the more appropriate forum (assuming that the statute of limitations would not bar the re-filing).

In recent years, federal courts have emphasized that *forum non conveniens* should be used only when the alternative forum is located in a foreign country.  *See, e.g., Deb v. SIRVA, Inc.*, 832 F.3d 800, 805 (7th Cir. 2016).  However, the Supreme Court has stated that "perhaps" *forum non conveniens* could "in rare instances" be used "where a state or territorial court serves litigational convenience best."  *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007).  In the present case, the alternative forum is an Ohio state court, not a court in a foreign country, and thus it is questionable whether I even have the power to dismiss this case under *forum non*

8

*conveniens*. However, for the reasons given below, I would not dismiss this case under that doctrine even if I had the power to do so.

The doctrine of *forum non conveniens* is an exceptional one that a court must use sparingly. *Deb*, 832 F.3d at 805. While a court may consider a variety of factors when deciding whether to dismiss a suit based on *forum non conveniens*, the focus is on "the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality." *Fischer v. Magyar Államvasutak Zrt.*, 777 F.3d 847, 866 (7th Cir. 2015) (quoting *Sinochem*, 549 U.S. at 429). "Thus, when an alternative forum has jurisdiction to hear a dispute, a case can be dismissed if trial in the plaintiff's chosen forum would be more oppressive to the defendant than it would be convenient to the plaintiff or if the forum otherwise creates administrative and legal problems that render it inappropriate." *Id.*

When deciding whether to dismiss a case based on *forum non conveniens*, a court first examines whether there is an adequate alternative forum available to hear the case. *See id.* at 867. If so, the court then evaluates the various "private and public interest factors" to see whether the balance counsels in favor of dismissal. *See id.*

In my decision on Westport's motion to dismiss this case for *forum non conveniens*, I found that the Ohio state court was an adequate alternative forum, and that finding applies to the four insurers' current motion. Moreover, I analyzed the various private and public interest factors and found that none of them weighed heavily in favor of the Ohio forum, such that this would be one of the "rare instances" in which *forum non conveniens* should be used to dismiss a federal case in favor of a state forum. The four insurers concede that my analysis of those factors applies to their

9

motion. Br. in Supp. at 14, ECF No. 49. However, they contend that Eaton's decision to add claims to this case under the North River policies that are already at issue in the Ohio litigation causes the balance of factors to tip in favor of Ohio. They also note that if the Ohio court grants their motions to add Westport and AIU to the case, thereby bringing Eaton's Cutler-Hammer claims into that case, then the Ohio case will be entirely duplicative of this case.

One problem with the insurers' argument is that the Ohio court has not granted their motions to add the Cutler-Hammer claims to the Ohio suit. So, right now, this action is not duplicative of the Ohio action, and it may never be. The insurers' argument that this case is duplicative is therefore premature. It is true that the North River policies are at issue in both cases, but that results in this case and the Ohio case overlapping only slightly. That small area of overlap is not alone enough to make this case one of the rare ones in which a *forum non conveniens* dismissal in favor of a state court is appropriate. Accordingly, the insurers' request to dismiss this case under *forum non conveniens* will be denied.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the four insurers' motion to dismiss this action under either *Wilton/Brillhart* abstention or *forum non conveniens* (ECF No. 48) is **DENIED**.

**IT IS FURTHER ORDERED** that Eaton's motion to file a sur-reply brief (ECF No. 71) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 27th day of October, 2017.

    /s Lynn Adelman
LYNN ADELMAN
United States District Judge