# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EATON CORPORATION,**
    Plaintiff,

v.                                         Case No. 15-C-1157

**WESTPORT INSURANCE COMPANY,**
**AIU INSURANCE COMPANY,**
**GRANITE STATE INSURANCE COMPANY,**
**NEW HAMPSHIRE INSURANCE COMPANY, and**
**NORTH RIVER INSURANCE COMPANY**
    Defendants.

## DECISION AND ORDER

Eaton Corporation claims that five excess insurance companies must defend and indemnify it in connection with personal-injury suits alleging exposure to asbestos in products manufactured by Eaton's predecessor, Cutler-Hammer. In a separate suit pending in Ohio state court, Eaton asserts different insurance-coverage claims that arise out of asbestos suits that do not involve Cutler-Hammer products. The claims in the Ohio action arise out of Eaton's axle-brake products.

In a prior order, I denied a motion to dismiss filed by four of the defendants to this case, AIU Insurance Company, Granite State Insurance Company, New Hampshire Insurance Company, and North River Insurance Company. (Order of Oct. 27, 2017, ECF No. 75.) The motion sought dismissal of this action under the *Wilton/Brillhart* abstention doctrine or, alternatively, a dismissal based on *forum non conveniens*. The four defendants argued that it was more convenient for all of Eaton's asbestos-related insurance claims to proceed in the action pending in Ohio state court. In rejecting the four defendants' request that I abstain under *Wilton/Brillhart*, I noted that abstention

under that doctrine is available only when the claims in the suit are claims for declaratory relief. Because Eaton had alleged claims for damages against a fifth defendant—Westport Insurance Company—I determined that I could not abstain under *Wilton/Brillhart*. *See R.R. Street & Co. v. Vulcan Materials Co.*, 569, F.3d 711, 716–17 (7th Cir. 2009) (holding that court has no discretion under *Wilton/Brillhart* to dismiss non-declaratory claims, such as claims for damages, when those claims are "independent" of the declaratory claims).

The four defendants now move for reconsideration of my decision to deny abstention under *Wilton/Brillhart*. They contend that I misconstrued their motion as seeking dismissal of this entire action, including Eaton's claims against Westport. In fact, the four defendants now contend, their original motion sought only dismissal of Eaton's claims against them. These defendants contend that because Eaton seeks only declaratory relief against them, I may abstain from exercising jurisdiction over those claims, even though I have no discretion to abstain from exercising jurisdiction over Eaton's claims against Westport.

Just prior to the time that the four defendants filed their motion for reconsideration, Eaton filed a motion to amend its complaint to "clarify" that, in fact, it is seeking damages from those defendants, just as it is seeking damages from Westport. (Br. in Supp. of Mot. for Leave at 1, ECF No. 78.) Moreover, Eaton points out that it has always sought injunctive relief against the four defendants. Eaton argues that because it seeks non-declaratory relief against all of the defendants, I cannot abstain from exercising jurisdiction over any of its claims under *Wilton/Brillhart*. The four defendants oppose the motion to amend. They also contend that, even though Eaton seeks forms

2

of non-declaratory relief against them, abstention under *Wilton/Brillhart* is not foreclosed because Eaton's claims for non-declaratory relief are not "independent" of the claims for declaratory relief. In this order, I consider the motion to amend and the motion for reconsideration. I also briefly discuss a third motion—Eaton's motion to compel—that relates to these matters.

As noted, Eaton proposes to file a second amended complaint to clarify that it seeks damages from AIU, Granite State, New Hampshire, and North River for breach of contract. Eaton contends that its first amended complaint already contains claims for damages against these four defendants, and that the second amended complaint merely makes the request for damages explicit. This is a fair characterization of the pleadings. Although Eaton's first amended complaint demanded only declaratory and injunctive relief against the defendants other than Westport, it alleged that those defendants had breached the insurance policies they issued to Eaton by failing to defend it in the underlying asbestos suits and to indemnify it with respect to any judgments or settlements in those suits. (First Am. Compl. ¶¶ 12–13, 25, 50–54.) Under federal notice pleading standards, this was sufficient to state a claim for breach of contract against the four defendants. *See* Fed. R. Civ. P. 8(a); *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1077–78 (7th Cir. 1992) (noting that litigants are not required to draft complaints with multiple counts or to plead legal theories). Moreover, Eaton's not including a demand for damages against the four defendants in the first amended complaint would not have prevented it from later seeking damages in connection with its claim for breach of contract. *See* Fed. R. Civ. P. 54(c) (specifying that every judgment other than a default judgment "should grant the relief to which each party is entitled,

3

even if the party has not demanded that relief in its pleadings"). Thus, the proposed second amended complaint does not alter the claims asserted against the four defendants. Indeed, amending the complaint to include an explicit count for breach of contract and an explicit demand for damages is likely unnecessary. However, because Eaton has requested leave to amend, and because granting leave will not prejudice the defendants, I will grant Eaton's motion for leave. *See* Fed. R. Civ. P. 15(a)(2); *Forman v. Davis*, 371 U.S. 178, 182 (1962).

The four defendants contend that Eaton's claims for injunctive relief and damages are "wholly dependent" on its claim for declaratory relief, and that therefore the presence of such claims does not prevent me from abstaining under *Wilton/Brillhart*. The Seventh Circuit used the "wholly dependent" phrase in *R.R. Street* in the course of explaining that a district court may abstain from hearing an entire action that includes requests for non-declaratory relief when the claims for non-declaratory relief are not "independent" of a claim for declaratory relief. 569 F.3d at 716–17 & n.6. The court explained that "[a] claim for non-declaratory relief is 'independent' of the declaratory claim if: 1) it has its own federal subject-matter-jurisdictional basis, and 2) its viability is not wholly dependent upon the success of the declaratory claim." *Id.* at 717 n.6. The court further explained that an independent claim is one "that would continue to exist if the request for a declaration simply dropped from the case." *Id.* (emphasis removed).

Here, the four defendants argue that Eaton's injunction and damages claims are dependent on the declaratory claim because they will stand or fall together. (*See* Reply Br. in Supp. of Mot. for Reconsideration at 5.) It is true that Eaton's request for an injunction and damages will likely fail if the request for declaratory relief fails. That is so

4

because Eaton essentially asserts only a single claim for breach of contract against each insurer, for which the various forms of relief—damages, an injunction, and a declaratory judgment—are merely remedies. Thus, if Eaton fails to show that an insurer breached its insurance policy, then Eaton will not be entitled to any relief against that insurer. But a non-declaratory claim is not "dependent" on a declaratory claim whenever it is impossible to win the non-declaratory claim without also winning the declaratory claim. Rather, in this context, "dependence" means that it is not possible to *litigate* the non-declaratory claim in federal court without the declaratory claim's being part of the case. As discussed above, a non-declaratory claim is independent of the declaratory claim if the non-declaratory claim would remain viable "if the request for a declaration simply dropped from the case." *R.R. Street*, 569 F.3d at 717 n.6. Here, this test is met. If the request for declaratory relief dropped from the case, the requests for damages and injunctive relief would survive, as the underlying claim for breach of contract would still be viable. In other words, even if I dismissed Eaton's request for declaratory relief right now, Eaton's claims for breach of contract, together with its requests for damages and an injunction, could proceed. Therefore, I have no discretion to abstain under *Wilton/Brillhart*. The defendants' motion for reconsideration of my denial of their motion to dismiss will be denied.

Before moving on, I note that the four defendants, in their motion for reconsideration, make an alternative request that I certify that my prior order denying their motion to dismiss meets the standard for taking an interlocutory appeal under 28 U.S.C. § 1292(b). The standard requires, among other things, that the order involve a controlling question of law as to which there is substantial ground for difference of

5

opinion. *Id.* Here, I see no substantial ground for difference of opinion as to whether I have discretion to abstain under *Wilton/Brillhart*. As explained above, Eaton asserts independent claims for non-declaratory relief against all of the defendants, and *R.R. Street* clearly establishes that in such circumstances a court may not abstain under *Wilton/Brillhart*. Therefore, the defendants' request for certification under § 1292(b) will be denied.

Finally, I address Eaton's motion to compel discovery from the four defendants. Eaton served requests for written discovery on these defendants more than a year ago but then agreed that the defendants did not need to respond until their motion to dismiss was decided. Recently, Eaton determined that the pendency of the defendants' motion for reconsideration should not further delay their discovery responses and demanded that the defendants respond by March 21, 2018. When the defendants refused, Eaton filed its motion to compel. I will deny this motion as moot. Now that I have decided the motion for reconsideration, I expect that the parties will confer and attempt to agree on appropriate deadlines for the defendants to respond to the written discovery. In the event that the parties cannot agree, any party may file a motion seeking appropriate relief.

For the reasons stated, **IT IS ORDERED** that Eaton's motion for leave to file a second amended complaint (ECF No. 77) is **GRANTED**.

**IT IS FURTHER ORDERED** that the four defendants' motion for reconsideration and/or certification of the order denying their motion to dismiss (ECF No. 80) is **DENIED**.

**FINALLY, IT IS ORDERED** that Eaton's motion to compel (ECF No. 94) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 4th day of April, 2018.

s/ Lynn Adelman
LYNN ADELMAN
District Judge
